**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 11 |
| FKF MADISON GROUP OWNER, LLC, *et al.*,[1] | Case No. 10-11867 (KG) |
| Debtors. | Jointly Administered |
| FKF MADISON GROUP OWNER, LLC, JMJS 23rd STREET REALTY OWNER, LLC, MADISON PARK GROUP OWNER, LLC, SLAZER ENTERPRISES OWNER, LLC AND ONE MADISON FM, LLC, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. _____ (KG) |
| 18 East 23rd Street Realty Company LLC; Larry Adler; Associated Real Estate Services, LLC; Michael Belkin; Michael Boches; Brant Publications Inc.; Edward Braun; Jeff Braun; Roseanne Braun; Breeze National Inc.; John J. Brown; Cevdet Caner; Jeff Chavkin; David Chu; Joe Coffey; Gerald B. Cohen; Neil R. Cohn; Andru Coren; Mihir Dange; Eagle One Roofing Contractors Inc.; Enscon Corp.; Barbara Feldman; Frank Fiorentino; FKF 3, LLC; Flamingo LLC; Flatiron Gramercy Realty LLC; Forest Mall LLC; Arnold Garelick; Gotham Greenwich Construction Co. LLC; Scott Haber; Intertech Development Corporation; ISMJ Corporate Office LLC; Israel Berger & Assoc. LLC; Lori Jacobs; Shirley Jacobs-Cain; JGM 15 CPW LLC; Elias Josephs; Brenda Josephs; Emily Josephs; Howard Josephs; Ruth Josephs; David Kaplan; Paul Khakshouri; Edward Koenig; Jeff Koenig; Kraus Hi-Tech Home Automation Inc.; Mitchell Kraus; Barbara Kraus; | |

---

[1]     The above-captioned Debtors (the "Debtors"), followed by the last four digits of their tax identification numbers, are as follows:  FKF Madison Group Owner, LLC (6399); JMJS 23rd Street Realty Owner, LLC (6651); Madison Park Group Owner, LLC (3701); and Slazer Enterprises Owner, LLC (4339).  The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

Stephen R. Kraus; Jay Krevsky; Edward Lau;
L'Elysee Condominium; Level One US Property
LLC; Harvey Levine; Linda Levine; Barbara
Licalzi; Tim Lin; David Lipman; Mad 52 LLC;
Madison Square Realty Alliance LLC; Rance
Masheck; Mark Melrose; Charles Milite; Jeffrey
Millman; Michelle Millman; NYAM LLC; Ralf
Preyor; Kevin Romano; Uri Sasson; Estate of
Harvey Schiller; Martha Schiller; Richard
Schoninger; Allison Scollar; Michael Moshan;
Shadowfax Group LLC; Jan-Willem van den
Dorpe, I; Michael Weiss; Thomas Pawa & Blum
LLC; The Wills Group Family Limited
Partnership; and John Does 1-100;

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

For their Complaint For Declaratory Judgment (the "<u>Complaint</u>"), FKF Madison

Group Owner, LLC ("<u>FKF Madison</u>"), JMJS 23rd Street Realty Owner, LLC ("<u>JMJS</u>"), Madison

Park Group Owner, LLC ("<u>Madison Park</u>"), and Slazer Enterprises Owner, LLC ("<u>Slazer</u>

<u>Owner</u>") and One Madison FM, LLC ("<u>OMF</u>" and together with the Debtors, the "<u>Plaintiffs</u>")

state as follows:

## NATURE OF ACTION

1.      This is an action (the "<u>Adversary Proceeding</u>") for relief pursuant to the

Declaratory Judgments Act, 28 U.S.C. § 2201 and Rule 7001(2) of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), requesting adjudication by the Court that (a)

the mortgages (more particularly described in Paragraph 98 through Paragraph 100 below) held

by OMF against the Mortgaged Property (collectively, the "<u>OMF Mortgages</u>")[2] are senior in

---

[2]      The "<u>Mortgaged Property</u>" comprises all of the real property and real property rights and other related
interests that secure the Debtors' loan obligations to OMF, including, without limitation, the land, the

priority to all other mortgages, liens, pledges, security interests, notes, claims of ownership, or other charges or interests or encumbrances of any kind asserted by any of the above-captioned defendants (the "Defendants") against the Mortgaged Property (all of which are collectively defined as the "Defendants' Alleged Claims or Interests") and (b) the Defendants' Alleged Claims or Interests are subject and subordinate to and void as against the OMF Mortgages.[3]

    2.    On October 24, 2011, this Court entered the 9019 Order,[4] which is binding on all parties in interest for all purposes in the Debtors' above-captioned bankruptcy cases (the

---

improvements, and all of the residential and commercial units, other than those units identified on "**Exhibit A**" annexed hereto (the "Released Units"), which have been or will be developed, designed, and constructed at 23 East 22nd Street, New York, New York 10010 (and sometimes also referred to as 20 East 23rd Street) consisting of a fifty (50) story high-rise tower, containing two commercial units and sixty nine (69) residential units, together with amenities and limited common elements (the "North Tower"), as well as an adjacent lot known as 23 East 22nd, together with the land underlying and abutting the North Tower and the adjacent lot, the improvements, all easements, air rights, development rights, sewer rights, water rights, servitudes, rights of way, streets, ways, alleys and other appurtenances thereto in any way relating to the foregoing.

The Mortgaged Property is also known as Block 851, Lots 20, 57, 58, 59, 1972 to 1980, 1902, 1904 to 1909, 1911, 1913 to 1918, 1922, 1923, 1926 to 1942, 1946, 1948 to 1954, 1956 to 1971, 1903 and also includes certain air rights relating to Lots 56 and 60.

[3]    This Complaint does not seek a determination with respect to the Secured Mechanic Lien Claims as defined in the *Debtors' First Amended Joint Consolidated Plan of Reorganization* (the "Plan") (D.I. 772).

[4]    *Order Approving The Release And Settlement By And Among The Debtors, One Madison FM, LLC And HFZ Capital Group, LLC* (D.I. 756) (the "9019 Order"). Paragraph 5 of the 9019 Order provides in relevant part:

> Upon the execution of the Settlement Agreement by all of the Parties and the entry of this Order, the OMF Prepetition Liens are valid and enforceable against the Debtors and the Property the OMF Prepetition Liens encumber in all respects, and the OMF Prepetition Claims are allowed in the amount of $234,150,572.74 against the Debtors for all purposes in the Bankruptcy Cases. Without affecting the validity, allowance and enforceability of the foregoing liens and claims, which shall be binding as to all parties in interest for all purposes, nothing in this Order or the Settlement shall prejudice claims and defenses regarding ownership of, or priority of liens, the Disputed Units.

The Settlement Agreement described therein, and annexed hereto as "**Exhibit B**" (the "Settlement Agreement"), was executed on November 4, 2011. On November 3, 2011, Masheck and Lin (both defined below) filed a *Notice of Appeal* of the 9019 Order (D.I. 781). On November 7, 2011, the Wills Group

- 3 -

"Chapter 11 Cases"), (i) allowing the OMF Prepetition Claims in the amount of $234,150,572.74[5] against the Debtors for all purposes, and (ii) providing for the validity and enforceability of the OMF Prepetition Liens[6] (which defined term includes the OMF Mortgages) against the Debtors and the Mortgaged Property in all respects. The Plaintiffs now seek a determination by this Court that the (a) OMF Mortgages are first priority mortgages in, on and against the Mortgaged Property, senior to all of the Defendants' Alleged Claims or Interests and (b) Defendants' Alleged Claims or Interests are subject and subordinate to and void as against the OMF Mortgages.

3. OMF is the holder by assignment of the OMF Mortgages.

4. The OMF Mortgages and the loans they secure were entered into in good faith on March 20, 2006 and they were first duly recorded on May 15, 2006 with the City Register of the City of New York.

5. While the OMF Mortgages have been amended, supplemented or otherwise modified from time to time, and the loan amounts to the Borrowers secured by the OMF Mortgages have been increased in connection therewith, the OMF Mortgages have at all times remained in full force and effect, from their inception and first recording until the present date.

6. All of the Defendants' Alleged Claims or Interests were recorded or are alleged to have come into existence against the Mortgaged Property after May 15, 2006.

---

(defined below) filed a *Notice of Appeal* of the 9019 Order (D.I. 790). Neither Masheck and Lin nor the Wills Group have obtained or even sought a stay pending appeal of the 9019 Order.

[5] "OMF Prepetition Claims" are defined as OMF's claims arising under the Loan Documents (as defined below).

[6] "OMF Prepetition Liens" includes, without limitation, the liens, mortgages, and security interests of OMF arising under or related to the Loan Documents (as defined below).

7.    Accordingly, all of the Defendants had actual or constructive notice of the prior recordation of the OMF Mortgages when the Defendants' Alleged Claims or Interests allegedly arose.[7]

8.    Therefore, all of the Defendants' Alleged Claims or Interests are junior, subject and subordinate to and void as against the OMF Mortgages because of the valid and continuing existence and first-in-time recordation of the OMF Mortgages.

## THE PARTIES

9.    Plaintiff FKF Madison is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina.

10.    Plaintiff JMJS is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina.

11.    Plaintiff Madison Park is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina.

---

[7]    On May 13, 2008, Debtors executed and delivered a Declaration of Condominium, which was recorded on December 19, 2008 in the New York County Office of the City Register of the City of New York as CRFN 2008000482876.   The Debtors executed and delivered an Amended and Restated Declaration of Condominium on July 22, 2009 (as amended, the "Declaration"), which was recorded in the New York County Office of the City Register of the City of New York on August 10, 2009 as CRFN 2009000249642. On September 4, 2009, iStar (defined below) filed a Subordination of Mortgage to the Declaration of Condominium in the New York County Office of the City Register of the City of New York as CRFN 2009000287708 (the "Subordination of Mortgage").

12.     Plaintiff Slazer Owner is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina.

13.     Plaintiff OMF is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 60 Columbus Circle, 19th Floor, New York, NY 10023.

14.     Upon information and belief, Defendant 18 East 23rd Street Realty Company LLC is a limited liability company with its principal place of business at 274 Madison Avenue, PH, New York, NY 10016.

15.     Upon information and belief, Defendant Larry Adler is an individual residing at 9 Donneybrook Road, Montvale, NJ 07645.

16.     Upon information and belief, Defendant Associated Real Estate Services, LLC is a limited liability company with a principal place of business at 57 Pratt Street, Ste. 510, Hartford, CT 06103.

17.     Upon information and belief, Defendant Michael Belkin is an individual residing at 13 Woodhaven Drive, New City, NY 10956.

18.     Upon information and belief, Defendant Michael Boches is an individual residing at 7 Farmstead Road, Short Hills, NJ 07078.

19.     Upon information and belief, Defendant Brant Publications Inc. is a corporation with its principal place of business at 575 Broadway, 5th Fl., New York, NY 10012.

20.     Upon information and belief, Defendants Edward and Roseanne Braun are individuals residing at 16 Fir Lane, Montauk, NY 11954.

21.     Upon information and belief, Defendant Jeff Braun is an individual residing at 104 Green Way, Allendale, NJ 07401.

22.     Upon information and belief, Defendant Breeze National Inc. is a corporation with its principal place of business at 31 Bay Street, Brooklyn, NY 11231-1917.

23.     Upon information and belief, Defendant John J. Brown is an individual residing at 715 6th Street, Philadelphia, PA 19147.

24.     Upon information and belief, Defendant Cevdet Caner is an individual and has an address in c/o ATTC S.A.M., 7 Avenue de Grande Bretagne, Monaco 98000, Monaco.

25.     Upon information and belief, Defendant Jeff Chavkin is an individual residing at 24 Martindale Road, Short Hills, NJ 07078.

26.     Upon information and belief, Defendant David Chu is an individual residing at 610 Park Avenue New York, NY 10065.

27.     Upon information and belief, Defendant Joe Coffey is an individual residing at 1 Knox Street, Double Bay, NSW, 2028, Sydney, Australia.

28.     Upon information and belief, Defendant Gerald B. Cohen is an individual residing at 910 Park Ave., New York, NY 10075.

29.     Upon information and belief, Defendant Neil R. Cohn is an individual residing at 715 6th Street, Philadelphia, PA 19147.

30.     Upon information and belief, Defendant Andru Coren is an individual residing at 41 Box Street, Brooklyn, NY 11222.

31.     Upon information and belief, Defendant Mihir Dange is an individual residing at 88 Morgan Street, PH 5004, Jersey City, NJ 07302.

NY-146318_12

32.     Upon information and belief, Defendant Eagle One Roofing Contractors Inc. is a corporation with its principal place of business at 1860 45th Street, Astoria, NY 11105.

33.     Upon information and belief, Defendant Enscon Corp. is a corporation with its principal place of business at 2 White Birch Drive, Pomona, NY 10970.

34.     Upon information and belief, Defendant Barbara Feldman is an individual residing at 40 Lady Godiva Way, New City, NY 10956.

35.     Upon information and belief, Defendant Frank Fiorentino is an individual residing at 16 Lakeside Office Park, Wakefield, MA 01880.

36.     Upon information and belief, Defendant FKF 3, LLC is a limited liability company with its principal place of business at 43 North Broadway, Nyack, New York, NY 10960.

37.     Upon information and belief, Defendant Flamingo LLC is a limited liability company with its principal place of business at 32 Flamingo Road, East Hills, NY 11576.

38.     Upon information and belief, Defendant Flatiron Gramercy Realty LLC is a limited liability company with its principal place of business at 25 East 22nd Street, New York, NY 10010.

39.     Upon information and belief, Defendant Forest Mall LLC is a limited liability company conducting business at 100 Route 306, Monsey, NY 10952, and 120 Ludlow Lane, Palisades, NY 10964.

40.     Upon information and belief, Defendant Arnold Garelick is an individual residing at 6 Lisa Court, New City, NY 10956.

41. Upon information and belief, Defendant Gotham Greenwich Construction Co. LLC is a limited liability company with its principal place of business at 1010 Avenue of the Americas, New York, NY 10018.

42. Upon information and belief, Defendant Scott Haber is an individual regularly conducting business at W&W Glass LLC, 302 Airport Executive Park, Nanuet, NY 10954.

43. Upon information and belief, Defendant Intertech Development Corporation is a corporation with its principal place of business at Tamares Real Estate, 1500 Broadway, #2003, New York, NY 10036.

44. Upon information and belief, Defendant ISMJ Corporate Office LLC is a limited liability company at P.O. Box 707, New City, NY 10956.

45. Upon information and belief, Defendant Israel Berger & Assoc. LLC is a limited liability company with its principal place of business at 232 Madison Avenue, New York, NY 10016.

46. Upon information and belief, Defendant Lori Jacobs is an individual residing at 116 Paradise Avenue, Piermont, NY 10968.

47. Upon information and belief, Defendant Shirley Jacobs-Cain is an individual residing at 1715 Seagrape Way, Hollywood, FL 33019-4899.

48. Upon information and belief, Defendant JGM 15 CPW LLC is a limited liability company with its principal place of business at 15 Central Park West, Unit 14K, New York, NY 10023.

49. Upon information and belief, Defendants Elias and Brenda Josephs are individuals residing at 120 Ludlow Lane, Palisades, NY 10964.

- 9 -

50. Upon information and belief, Defendant Emily Josephs is an individual regularly conducting business at 260 Kearsing Parkway, Monsey, NY 10952.

51. Upon information and belief, Defendant Howard Josephs is an individual regularly conducting business at 100 Route 306, Monsey, NY 10952.

52. Upon information and belief, Defendant Ruth Josephs is an individual residing at 901 Route 9w S, Nyack, NY 10960 and regularly conducting business at 100 Route 306, Monsey, NY 10952.

53. Upon information and belief, Defendant David Kaplan is an individual residing at 9100 Burning Tree Road, Bethesda, MD 20817.

54. Upon information and belief, Defendant Paul Khakshouri is an individual residing at 170 East End Avenue, Apt. 6B, New York, NY 10128

55. Upon information and belief, Defendants Edward Koenig and Jeffrey Koenig are individuals regularly conducting business at 120 N. Main Street, New City, NY 10956.

56. Upon information and belief, Defendant Kraus Hi-Tech Home Automation Inc. is a corporation with a principal place of business at 33-01 Vernon Blvd., Long Island City, NY 11106.

57. Upon information and belief, Defendants Mitchell and Barbara Kraus are individuals residing at 510 Park Avenue, Apt. 9-A, New York, NY, 10022.

58. Upon information and belief, Defendant Stephen R. Kraus is an individual residing at 260 Park Avenue South, Apt. PH-J, New York, NY 10010.

59. Upon information and belief, Defendant Jay Krevsky is an individual residing at 3420 North Fourth St., Harrisburg, PA 17110.

NY-146318_12

60. Upon information and belief, Defendant Edward Lau is an individual residing at 20 West Street, New York, NY 10006.

61. Upon information and belief, Defendant L'Elysee Condominium is an entity located at 27 E. 22nd Street, New York, NY 10010.

62. Upon information and belief, Defendant Level One US Property LLC is a limited liability company having an address at 3423 Piedmont Road, Suite 115, Atlanta, Georgia 30305.

63. Upon information and belief, Defendants Harvey and Linda Levine are residing at 1043 Fordham Lane, Woodmere, New York 11557.

64. Upon information and belief, Defendant Barbara Licalzi is an individual residing at 5 East 22nd Street, New York, NY 10010.

65. Upon information and belief, Defendant Tim Lin ("Lin") is an individual residing in New York. In addition, upon information and belief, Lin regularly conducts business at 840 Coventry Street, Boca Raton, FL 33487.

66. Upon information and belief, Defendant David Lipman is an individual residing at 53 Leonard Street, New York, NY 10013 and regularly conducting business at 408 W 14th Street #3, New York, NY 10014.

67. Upon information and belief, Defendant Mad 52 LLC is a limited liability company with an address at The Continuum Company, LLC, 590 Madison Avenue, 26th Fl., New York, NY 10022.

68. Upon information and belief, Defendant Madison Square Realty Alliance LLC is a limited liability company with its principal place of business at 214 West 11th Street New York, NY 10014.

69. Upon information and belief, Defendant Rance Masheck ("Masheck") is an individual residing in New York. In addition, upon information and belief, Masheck regularly conducts business at 840 Coventry Street, Boca Raton, FL 33487.

70. Upon information and belief, Defendant Mark Melrose is an individual residing at 277 West 10th Street, 12-C, New York, NY 10014.

71. Upon information and belief, Defendant Charles Milite is an individual regularly conducting business at 214 West 11th Street, New York, NY 10014.

72. Upon information and belief, Defendants Jeffrey and Michelle Millman are individuals residing at 33 Lowell Drive, New City, NY 10956.

73. Upon information and belief, Defendant NYAM LLC is a limited liability company with a principal place of business at 1 N End Avenue, New York, NY 10282-1163.

74. Upon information and belief, Defendant Ralf Preyor is an individual represented by Elizabeth Kovac, 90 Park Avenue, Ste. 1710, New York, NY 10016.

75. Upon information and belief, Defendant Kevin Romano is an individual residing at 217 Stokes Farm Road, P.O. Box 217, Franklin Lakes, NJ 07417.

76. Upon information and belief, Defendant Uri Sasson is an individual residing at 15 Manor Court, New City, NY 10956.

77. Upon information and belief, Defendant Martha Schiller is an individual residing at 36 Meadowlark Road, Rye Brook, NY 10573. In addition, upon information and belief, Defendant Estate of Harvey Schiller succeeded to the interest, if any, of Harvey Schiller who passed away in April 2011.

78. Upon information and belief, Defendant Richard Schoninger is an individual residing at 31 West 11th Street, Apt. 4A, New York, NY 10011.

79.    Upon information and belief, Defendants Allison Scollar and Michael Moshan are individuals residing at 59 John Street, Apt. 11A, New York, NY 10038.

80.    Upon information and belief, Defendant Shadowfax Group LLC is a limited liability company with a place of business at 7 Farmstead Road, Short Hills, NJ 07078.

81.    Upon information and belief, Defendant Thomas Pawa & Blum LLC is a limited liability company with a place of business at 180 Lafayette Street, 7th Fl., New York, NY 10013.

82.    Upon information and belief, Defendant Jan-Willem van den Dorpe, I is an individual residing at 6 Varick Street, New York, NY 10013.

83.    Upon information and belief, Defendant Michael Weiss is an individual residing at 40 Lady Godiva Way, New City, NY 10956.

84.    Upon information and belief, Defendant The Wills Group Family Limited Partnership ("Wills Group") is a limited partnership with its principal place of business at 47 35th Street, Long Island City, NY 11101.

85.    Upon information and belief, Defendants John Does 1-100 are the fictitious names of persons whose true names presently are unknown to Plaintiffs, being individuals, corporations or other legal entities which, if any, having or claiming an interest in or lien upon the Mortgaged Property.

## JURISDICTION AND VENUE

86.    This action arises under the Declaratory Judgments Act, 28 U.S.C. § 2201, and Bankruptcy Rule 7001(2).  This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O) and is otherwise related to the Chapter 11 Cases.

- 13 -

87.     Venue is proper in this judicial district under 28 U.S.C. § 1409 because this Adversary Proceeding arises under and in connection with a case (*i.e.*, the Chapter 11 Cases) pending in this District under the Bankruptcy Code.

## FACTUAL BACKGROUND

88.     The Debtors are owners as tenants in common of the Mortgaged Property. Plaintiff FKF Madison owns a 6% undivided interest, Plaintiff JMJS owns a 4% undivided interest, Plaintiff Madison Park owns a 12% undivided interest and Plaintiff Slazer Owner owns a 78% undivided interest in the Mortgaged Property.

89.     The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

90.     Slazer Enterprises, LLC ("Slazer"), a non-Debtor entity, is the sole member of Debtor Slazer Owner and serves as the manager for all of the Debtors.  Slazer, in turn, is controlled by Green Bridge Capital S.A. (35%), Special Situation S.A. (by proxy for Marc Jacobs) (32.5%), and Ira Shapiro (32.5%).

91.     OMF is the Debtors' secured lender and the holder of the OMF Prepetition Claims and OMF Prepetition Liens, which includes, without limitation, the OMF Mortgages, against the Mortgaged Property.

92.     The OMF Mortgages that encumber the Mortgaged Property are defined and more particularly described below in Paragraph 98 through Paragraph 100, and were first duly recorded on May 15, 2006.

- 14 -

93. The OMF Mortgages were made in good faith, were duly recorded and are valid, enforceable, perfected and first-in-time as against the Defendants' Alleged Claims or Interests.

94. The OMF Mortgages secure all of the Debtors' prepetition obligations to OMF, including, without limitation, the OMF Prepetition Claims. The total allowed amount of the OMF Prepetition Claims secured by the OMF Mortgages are at least $234,150,572.74.

95. The OMF Prepetition Claims are further secured in OMF's favor by, among other things, valid, enforceable, perfected first priority assignments of leases and rents, and security interests in all or substantially all of the Debtors' fixtures and personal property, including all accounts, fixtures and personalty, general intangibles, inventory and other collateral constituting a part of the Mortgaged Property.

96. The Mortgaged Property remains encumbered by the OMF Mortgages until they are affirmatively released by the lender of record, in whole or in part, in accordance with the Loan Documents.[8]

### Description of OMF Mortgages (Loan-by-Loan Basis)

97. As more particularly described in Paragraphs 98 through 100 below, the OMF Mortgages (including the related assignments) consist of: (i) an acquisition loan mortgage (as amended, supplemented or otherwise modified, the "Senior Loan Mortgage"); (ii) a building loan mortgage (as amended, supplemented or otherwise modified, the "Building Loan

---

[8] As used in this Complaint, "Loan Documents" includes, without limitation, the (i) Senior Loan and Security Agreement, (ii) Building Loan and Security Agreement, and (iii) Project Loan and Security Agreement, all originally dated as of March 20, 2006, and all collateral documents executed in connection therewith, and all amendments thereto.

NY-146318_12

Mortgage"); and (iii) a project loan mortgage (as amended, supplemented or otherwise modified, the "Project Loan Mortgage").

98.     The Senior Loan Mortgage is of record since May 15, 2006 and is documented by, among other things:

(a)     Acquisition Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Borrowers in favor of Column Financial, Inc. ("Column"), dated March 20, 2006, and recorded on May 15, 2006 with the City Register of the City of New York as CRFN 2006000270804, as assigned by that certain Assignment of Acquisition Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Column in favor of PB Capital Corporation ("PB"), dated April 10, 2006, and recorded on May 25, 2006 with the City Register of the City of New York as CRFN 2006000291684 (collectively, the "Original Senior Loan Mortgage").

(b)     Amended and Restated Acquisition Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Borrowers in favor of PB, dated June 19, 2007, and recorded July 19, 2007 with the City Register of the City of New York as CRFN 2007000371802, as assigned by that certain Assignment of Mortgage by PB in favor of SFT I Inc., a Delaware corporation ("SFT"), dated November 13, 2007 and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621242 (collectively, the "A&R Senior Loan Mortgage").

(c)     Gap Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing by Borrowers in favor of SFT, dated November 16, 2007, and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621246 (the "Gap Senior Loan Mortgage").[9]

(d)     Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Senior Loan) by Borrowers in favor of SFT, dated as of November 16, 2007, and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621247, as assigned by that certain Assignment and Assumption of Consolidated, Amended and Restated Mortgage by SFT in favor of iStar Tara LLC, a Delaware limited liability company ("iStar"), dated as of March 1, 2009, and recorded March 27, 2009 with the City Register of the City of New York as CRFN

---

[9]     A "gap mortgage" is an additional advance under an existing mortgage increasing the maximum obligations secured thereby.

NY-146318_12

2009000088830, as assigned by that certain Assignment and Assumption of Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Senior Loan) by iStar in favor of SFI Belmont LLC, a Delaware limited liability company ("SFI"), dated as of March 16, 2011, and recorded on May 18, 2011 with the City Register of the City of New York as CRFN 2011000179359, as further assigned by that certain Assignment of Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Senior Loan) by SFI to Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund ("Amalgamated"), dated as of June 17, 2011, and recorded on June 27, 2011 with the City Register of the City of New York as CRFN 2011000226412, as further assigned by that certain Assignment of Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Senior Loan) by Amalgamated to One Madison FM, LLC, dated as of June 17, 2011, and recorded on June 27, 2011 with the City Register of the City of New York as CRFN 2011000226415 (collectively, the "Consolidated Senior Loan Mortgage"). The Consolidated Senior Loan Mortgage consolidates, amends and restates the A&R Senior Loan Mortgage and the Gap Senior Loan Mortgage.

99. The Building Loan Mortgage is of record since May 15, 2006 and is documented by, among other things:

(a) the Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Borrowers in favor of Column, dated March 20, 2006, and recorded on May 15, 2006, with the City Register of the City of New York as CRFN 2006000270805, as assigned by that certain Assignment of Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Column in favor of PB, dated April 10, 2006, and recorded on May 25, 2006 with the City Register of the City of New York as CRFN 2006000291685 (collectively, the "Original Building Loan Mortgage").

(b) the Amended and Restated Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Borrowers in favor of PB, dated June 19, 2007 and recorded July 19, 2007 with the City Register of the City of New York as CRFN 2007000371803, as assigned by that certain Assignment of Mortgage by PB in favor of SFT, dated November 13, 2007 and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621243 (collectively, the "A&R Building Loan Mortgage"). The A&R Building Loan Mortgage amends and restates the Original Building Loan Mortgage.

- 17 -

(c)     the Gap Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing by Borrowers in favor of SFT, dated November 16, 2007 and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621248 (the "Gap Building Loan Mortgage").

(d)     the Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing by Borrower in favor of SFT, dated as of November 16, 2007 and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621249, as assigned by that certain Assignment and Assumption of Consolidated, Amended and Restated Mortgage by SFT in favor of iStar, dated as of March 1, 2009 and recorded on March 27, 2009 with the City Register of the City of New York as CRFN 2009000088828 (collectively, the "Consolidated Building Loan Mortgage").  The Consolidated Building Loan Mortgage consolidates, amends and restates the A&R Building Loan Mortgage and the Gap Building Loan Mortgage.

(e)     the Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Building Loan) by Borrowers in favor of iStar, dated as of June 24, 2009, and recorded on March 10, 2010 with the City Register of the City of New York as CRFN 2010000083743, as assigned by that certain Assignment and Assumption of Amended and Restated Mortgage with Security Agreement, Assignment of Leases and  Rents and Fixture Filing (Building Loan) by iStar in favor of SFI, dated as of March 16, 2011, and recorded on May 18, 2011 with the City Register of the City of New York as CRFN 2011000179578, as further assigned by that certain Assignment of Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Building Loan) by SFI to Amalgamated, dated as of June 17, 2011, and recorded on June 27, 2011 with the City Register of the City of New York as CRFN 2011000226413, as further assigned by that certain Assignment of Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Building Loan) by Amalgamated to One Madison FM, LLC, dated as of June 17, 2011, and recorded on June 27, 2011 with the City Register of the City of New York as CRFN 2011000226416 (collectively, the "Second A&R Building Mortgage").  The Second A&R Building Mortgage amends and restates the Consolidated Building Loan Mortgage.

100.   The Project Loan Mortgage is of record since May 15, 2006 and is documented by, among other things:

(a)     the Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Borrowers in favor of Column, dated March 20, 2006 and

recorded on May 15, 2006 with the City Register of the City of New York as CRFN 2006000270806, as assigned by that certain Assignment of Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Column in favor of PB, dated April 10, 2006 and recorded on May 25, 2006 with the City Register of the City of New York as CRFN 2006000291686 (collectively, the "Original Project Loan Mortgage").

(b)     the Amended and Restated Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement by Borrowers in favor of PB, dated June 19, 2007 and recorded July 19, 2007 with the City Register of the City of New York as CRFN 2007000371804, as assigned by that certain Assignment of Mortgage by PB in favor of SFT, dated November 13, 2007 and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621244 (collectively, the "A&R Project Loan Mortgage").  The A&R Project Loan Mortgage amends and restates the Original Project Loan Mortgage.

(c)     the Gap Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing by Borrowers in favor of SFT, dated November 16, 2007 and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621251 (the "Gap Project Loan Mortgage").

(d)     the Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing by Borrowers in favor of SFT, dated as of November 16, 2007 and recorded on December 20, 2007 with the City Register of the City of New York as CRFN 2007000621252, as assigned by that certain Assignment and Assumption of Consolidated, Amended and Restated Mortgage by SFT in favor of iStar, dated as of March 1, 2009 and recorded on March 27, 2009 with the City Register of the City of New York as CRFN 2009000088829 (collectively, the "Consolidated Project Loan Mortgage").  The Consolidated Project Loan Mortgage consolidates, amends and restates the A&R Project Loan Mortgage and the Gap Project Loan Mortgage.

(e)     the Second Gap Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Project Loan) by Borrowers in favor of iStar, dated as of June 24, 2009, and recorded on March 10, 2010 with the City Register of the City of New York as CRFN 2010000083744 (the "Second Gap Project Loan Mortgage").

(f)     the Second Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Project Loan) by Borrowers in favor of iStar, dated as of June 24, 2009, and recorded on March 15, 2010 with the City Register of the City of New York as CRFN 2010000087645, as assigned by that certain Assignment and Assumption of Second Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Project Loan) by iStar in favor of SFI, dated as of March 16, 2011, and recorded on May 18, 2011 with the City Register of the City of New York as CRFN 2011000179579, as further assigned by that certain

Assignment of Second Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Project Loan) by SFI to Amalgamated, dated as of June 17, 2011, and recorded on June 27, 2011 with the City Register of the City of New York as CRFN 2011000226414, as further assigned by that certain Assignment of Second Consolidated, Amended and Restated Mortgage with Security Agreement, Assignment of Leases and Rents and Fixture Filing (Project Loan) by Amalgamated to One Madison FM, LLC, dated as of June 17, 2011, and recorded on June 27, 2011 with the City Register of the City of New York as CRFN 2011000226417 (collectively, the "Second Consolidated Project Loan Mortgage"). The Second Consolidated Project Loan Mortgage consolidates, amends and restates the Consolidated Project Loan Mortgage and the Second Gap Project Loan Mortgage.

101. Except as set out on "**Exhibit A**" annexed hereto with regard to the Released Units, no portion of the OMF Mortgages was ever released, cancelled, extinguished, discharged or novated.

102. The OMF Prepetition Claims secured by the OMF Prepetition Liens have remained unsatisfied and continue to be outstanding.

103. From the date of their original recordation on May 15, 2006, the OMF Mortgages have always been of record and remain of record as of the date hereof.

OMF Mortgages-(Chronological Basis)

104. While the description of the OMF Mortgages in Paragraphs 98 through 100 are organized on a loan-by-loan basis, the following is a description of the OMF Mortgages on a chronological basis.

105. On March 20, 2006, Column advanced three loans to the Debtors in the aggregate amount of $100 million, as follows: (i) a "Building Loan" in the amount of $66,309,971, secured by the Building Mortgage; (ii) a "Project Loan" in the amount of

$25,292,627, secured by the Project Mortgage; and (iii) a "Senior Loan" in the amount of $8,397,402, secured by the Senior Loan Mortgage.

106. As detailed in Paragraphs 98 through 100, above, each of the OMF Mortgages were dated as of March 20, 2006, and recorded with the City Register of the City of New York on May 15, 2006.

107. As detailed in Paragraphs 98 through 100, above, on April 10, 2006, Column assigned the OMF Mortgages to PB, which assignments were recorded with the City Register of the City of New York on May 25, 2006.

108. As detailed in Paragraphs 98 through 100, above, the Debtors and PB amended and restated the OMF Mortgages on June 19, 2007 (the "June 2007 Modification"), increasing the maximum obligations secured thereby to $125,400,000. The OMF Mortgages amendments and restatements reflecting the June 2007 Modification were recorded with the City Register of the City of New York on July 19, 2007.

109. As detailed in Paragraphs 98 through 100, above, on November 13, 2007, PB Capital assigned the OMF Mortgages to SFT, which assignments were recorded with the City Register on December 20, 2007.

110. As detailed in Paragraphs 98 through 100, above, on November 16, 2007, the Debtors and SFT entered into gap mortgages, increasing the maximum obligations secured thereby to $238,500,000, and also consolidated, amended and restated the OMF Mortgages (the "November 2007 Loan Modification").

111. The OMF Mortgages, gap mortgages, and amended and restated mortgages reflecting the November 2007 Loan Modification were recorded with the City Register of the City of New York on December 20, 2007.

112.   As detailed in Paragraphs 98 through 100, above, on March 1, 2009, SFT assigned the OMF Mortgages to iStar.  The OMF Mortgages assignments were recorded with the City Register of the City of New York on March 27, 2009.

113.   On June 24, 2009, iStar and the Debtors entered into a loan modification agreement (the "2009 Loan Modification") by which they agreed, among other things, to reduce the aggregate principal amount of the Building Loan from $132,531,416 to $127,633,643 and increase the aggregate principal amount of the Project Loan via a gap mortgage from $35,025,505 to $47,159,585 increasing the total maximum obligations secured under the OMF Mortgages from $238,500,000 to $245,736,307.

114.   Accordingly, the Debtors and iStar entered into amendments and restatements of the Building Loan Mortgage and the Project Loan Mortgage to reflect the 2009 Loan Modification.

115.   On September 4, 2009, iStar recorded/filed the Subordination of Mortgage wherein the Debtors and iStar agreed that the OMF Prepetition Liens "are and shall continue to be liens against (i) all the units established under the Declaration, and (ii) each such unit's undivided interest in the common interests of the [Mortgaged Property]."

116.   The 2009 Loan Modification for the amendment and restatement of the Building Loan Mortgage was recorded with the City Register of the City of New York on March 10, 2010.

117.   The Second Gap Project Loan Mortgage, and amendment and restatement of the Project Loan Mortgage were recorded with the City Register of the City of New York on March 10, 2010.

NY-146318_12

118. The Building Loan Mortgage and the Project Loan Mortgage were not novated, released, cancelled, extinguished or discharged as a result of the 2009 Loan Modification in any respect.

119. The loans and obligations secured thereby remained outstanding at all times.[10]

120. No modifications or amendments were made to the Senior Loan Mortgage in connection with the 2009 Loan Modification.

121. On February 18, 2010, iStar filed a summons and verified complaint to foreclose the OMF Mortgages on the Mortgaged Property (the "Foreclosure Action") citing numerous breaches of the Debtors' obligations under the OMF Mortgages and the other Loan Documents.

122. On February 18, 2010, iStar also recorded a notice of pendency of its Foreclosure Action with the City Register of the City of New York.

123. On March 4, 2010, iStar filed and served an amended summons and verified amended complaint in its Foreclosure Action.

---

[10]     Page 5 of that certain Consolidated, Amended and Restated Promissory Note (Building Loan) dated November 16, 2007, page 5 of that certain Consolidated, Amended and Restated Promissory Note (Project Loan) dated November 16, 2007, page 5 of that certain Consolidated, Amended and Restated Promissory Note (Senior Loan) dated November 16, 2007, page 5 of that certain Second Consolidated, Amended and Restated Promissory Note (Project Loan) dated June __, 2009, and page 5 of that certain Amended and Restated Promissory Note (Building Loan) dated June __, 2009 all provide: "It is expressly understood and agreed by Borrower that … this [Note] (a) merely re-evidences the indebtedness evidenced by the Existing Notes, (b) is given in substitution for, and not in payment of, the Existing Notes, (c) is in no way intended to constitute a novation of the Existing Notes and (d) is in no way intended to release, cancel, terminate, or otherwise impair all or any party of any lien, mortgage, assignment, security interest, pledge or other encumbrance …" Additionally, Paragraph 12 of that certain Modification of Loan Agreements and Other Loan Documents, dated as of June _, 2009 provides in relevant part: "Borrower and Lender expressly state, declare and acknowledge that this Modification is intended only to modify Borrower's continuing obligations in the manner set forth herein, and is not intended as a novation."

<u>The Debtors' Bankruptcy Cases</u>

124.    On June 8, 2010 (the "<u>Petition Date</u>"), involuntary Chapter 7 petitions were filed in this Court against each of the Plaintiff Debtors by Stephen Kraus, Mitchell Kraus, Barbara Kraus, and Kraus Hi-Tech Automation, Inc., thereby commencing the Plaintiff Debtors' involuntary Chapter 7 cases (the "<u>Chapter 7 Cases</u>").

125.    As of the Petition Date, there was due and owing to iStar an amount not less than $234,150,572.74 (exclusive of certain accrued interest and default interest, fees and costs and other sums that OMF may be entitled to under the Loan Documents and applicable law) (*i.e.*, the OMF Prepetition Claims).

126.    On November 19, 2010, this Court entered Orders for Relief in the Chapter 7 Cases and entered Orders converting the Chapter 7 Cases to the Chapter 11 Cases (Case No. 10-11867, D.I. 119; Case No. 10-11868, D.I. 111; Case No. 10-11869, D.I. 112; and Case No. 10-11870, D.I. 117).

127.    As detailed in Paragraphs 98 through 100, above, on May 16, 2011, iStar assigned the OMF Mortgages to SFI.  The assignments of the OMF Mortgages to SFI were recorded with the City Register of the City of New York on May 18, 2011.

128.    As detailed in Paragraphs 98 through 100, above, on June 17, 2011, SFI assigned the OMF Mortgages to Amalgamated.  The assignments of the OMF Mortgages to Amalgamated were recorded with the City Register of the City of New York on June 27, 2011.

129.    On June 17, 2011, OMF acquired the OMF Prepetition Claims and the OMF Prepetition Liens by assignment from Amalgamated.[11]

130.    As detailed in Paragraphs 98 through 100, above, on June 27, 2011 the assignments of the OMF Mortgages to OMF were recorded with the City Register of the City of New York.

131.    On June 23, 2011, *Notices of Transfer of Claims Pursuant to FRBP 3000(e)* reflecting OMF's ownership of the OMF Prepetition Claims were filed in the Chapter 11 Cases (D.I. 508 and 509).

132.    On October 31, 2011, the Debtors and OMF filed the Plan.

133.    As a condition to confirmation of the Plan, the Plan requires that the "Debtors shall obtain in the Confirmation Order . . . findings that the OMF Prepetition Liens are first in priority as to all of the assets of the Debtors and their Estates, including, without limitation, the Property and the proceeds thereof . . . unless to the extent OMF determines, in its sole and absolute discretion, that such findings are not necessary to be included in the Confirmation Order itself, including in the event such findings are embodied in a Final Order other than the Confirmation Order (*i.e.*, the Declaratory Action Order), which other order shall be a Final Order by the Confirmation Date." Plan § 7.1(b).

134.    As a condition to the effectiveness of the Plan, the Plan requires that "[t]he Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Proponents, which order shall be final and non-appealable … ***no later than***

---

[11]    In addition to acquiring the OMF Prepetition Claims, OMF also acquired and currently holds other claims against the Debtors, including, without limitation, (i) claims for post-petition financing monies funded to the Debtors, and (ii) administrative expense claims and gap claims.

**February 15, 2012** (or March 15, 2012 in the event OMSub is not the Plan Funder) or such later date as the Proponents may agree." Plan § 7.2.

135.    As more particularly described on "**Exhibit C**" annexed hereto, each of the Defendants has asserted, or is listed as having asserted alleged claims or interests in, to and against the Mortgaged Property.

136.    All of the Defendants' Alleged Claims or Interests are junior, subject and subordinate to and void as against the OMF Mortgages pursuant to, among other things, N.Y. Real Prop. Law §§ 291 and 320.

137.    As a result of the conditions to confirmation and effectiveness of the Plan set forth in Paragraph 131 through 132 above, the Debtors must obtain a Final Order (as defined in the Plan) of this Court that the OMF Prepetition Liens are first in priority, including, without limitation, vis-à-vis the Defendants' Alleged Claims or Interests in an expeditious fashion.

## CLAIM FOR RELIEF

**PLAINTIFFS REQUEST A DECLARATION AND ORDER THAT:  (A) THE OMF MORTGAGES ARE SENIOR IN PRIORITY TO THE DEFENDANTS' ALLEGED CLAIMS OR INTERESTS IN, ON AND TO THE MORTGAGED PROPERTY; AND (B) THE DEFENDANTS' ALLEGED CLAIMS OR INTERESTS ARE JUNIOR, SUBJECT AND SUBORDINATE TO AND VOID AS AGAINST THE OMF MORTGAGES**

138.    Plaintiffs restate and re-allege the allegations of Paragraphs 1 through 137 above, as if fully set forth herein.

139.    Pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.* and Bankruptcy Rule 7001(2), Plaintiffs request that the Court enter an order and judgment declaring (a) that the OMF Mortgages are senior in priority to the Defendants' Alleged Claims or Interests in the Mortgaged Property, and (b) the Defendants' Alleged Claims or Interests are junior, subject and subordinate to and void as against the OMF Mortgages.

- 26 -

140.    The OMF Prepetition Claims (*i.e.*, Debtors' indebtedness in connection with the Mortgaged Property) dates back to March 2006.

141.    Through a series of amendments, restatements, consolidations, and assignments, OMF became and presently is the Debtors' secured lender.  The OMF Prepetition Claims are secured by the OMF Mortgages, each of which was made in good faith.

142.    The prior holders of the OMF Prepetition Claims first duly recorded the OMF Mortgages, providing record notice of an interest in property of the Debtors at all times from and after May 15, 2006.

143.    The liens arising under the OMF Mortgages remained attached, perfected and enforceable during all time periods that are relevant to this Adversary Proceeding and at all relevant times, the Defendants had actual or constructive notice of the liens arising under the OMF Mortgages.

144.    At the time that each Defendant acquired its alleged interest in the Mortgaged Property, it did so subsequent in time to and with actual or constructive notice of the OMF Mortgages, all of which were first duly recorded on May 15, 2006 in the City Register of the City of New York, and continue to remain of record in full force and effect and senior in priority as of the date hereof.

145.    The OMF Mortgages are senior in priority relative to all of the Defendants' Alleged Claims or Interests.

146.    Each Defendant's Alleged Claim or Interest in the Mortgaged Property is junior, subject and subordinate to and void against the OMF Mortgages.

147.    As a result of the conditions to confirmation and effectiveness of the Plan set forth in Paragraph 133 through 134 above, the Debtors must obtain a Final Order (as defined

- 27 -

in the Plan) of this Court that the OMF Prepetition Liens are first in priority, including, without limitation, vis-à-vis the Defendants' Alleged Claims or Interests in an expeditious fashion.

148.    Accordingly, a case of actual controversy exists with respect to the priority of the Defendants' Alleged Claims or Interests vis-à-vis the priority of the OMF Mortgages.

149.    By reason of the foregoing, Plaintiffs are entitled to an order and judgment declaring that the OMF Mortgages are prior, senior to and superior to the Defendants' Alleged Claims or Interests in, on and against the Mortgaged Property and that the Defendants' Alleged Claims or Interests are junior, subject and subordinate to and void as against the OMF Mortgages.

## RESERVATION OF RIGHTS

150.    Plaintiffs hereby specifically reserve the right to bring any and all other causes of action that they may maintain against any Defendant including, without limitation, including claims objections and causes of action arising out of the same transactions described in this Complaint, including to the extent discovery in this Adversary Proceeding or further investigation by reveals additional causes of action.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order and judgment granting the following relief:

a.    Ordering and declaring that the OMF Mortgages are senior in priority relative to the Defendants' Alleged Claims or Interests in all respects;

b.    Ordering and declaring that the Defendants' Alleged Claims or Interests are junior, subject and subordinate to and void as against the OMF Mortgages in, to and against the Mortgaged Property; and

- 28 -

   c.  granting such other and further relief the Court deems just and proper.

November 11, 2011
Wilmington, Delaware

         MORRIS, NICHOLS, ARSHT & TUNNELL LLP

         */s/ Erin R. Fay*
         Derek C. Abbott (No. 3376)
         Daniel B. Butz (No. 4227)
         Erin R. Fay (No. 5268)
         1201 N. Market Street
         P.O. Box 1347
         Wilmington, DE 19899-1347
         Telephone: (302) 658-9200
         Facsimile: (302) 658-3989

         **Counsel for the Plaintiff Debtors and Debtors-in-Possession**

         RICHARDS, LAYTON & FINGER, PA

         */s/ Russell C. Silberglied*
         Russell C. Silberglied (No. 3462)
         Zachary I. Shapiro (No. 5103)
         One Rodney Square
         920 North King Street
         Wilmington, Delaware 19801
         Telephone: (302) 651-7700
         Facsimile: (302) 651-7701

           -and-

         **HAYNES AND BOONE, LLP**
         30 Rockefeller Plaza, 26th Floor
         New York, New York 10112
         Telephone: (212) 659-7300
         Facsimile: (212) 918-8989
         Lenard M. Parkins (admitted *pro hac vice*)
         Lawrence Mittman (admitted *pro hac vice*)
         Henry Flores (admitted *pro hac vice*)
         Trevor R. Hoffmann (admitted *pro hac vice*)

         **Counsel to Plaintiff One Madison FM, LLC**